Opinion to: SJR TGT DLW TJ EVK ERA LCH GCH JB JS
















Opinion issued April 15, 2010.

 




 

 

 



 

 













 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-08-00016-CV

____________

 

BRUCE R. HOTZE, Appellant

 

V.

 

BILL WHITE, MAYOR; CITY OF HOUSTON, Appellees

 

 



On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2006-70981

 

 



DISSENTING OPINION

 

          Because
I disagree with those parts of the majority’s opinion that return portions of
the appellant’s claims to the trial court for further consideration and amendment,
I most respectfully dissent.  An examination
of the appellant’s amended trial pleadings indicates that the trial judge
properly construed Hotze’s contentions as an election contest and as such, correctly
dismissed Hotze’s claims as having been filed past the rigid deadlines set out
in the election contest statute.

          This
case comes to us in a factual context that encompasses other ongoing litigation
arising from a previous election.  The
history of the previous election is set out in the majority’s opinion.  Because my dissent is premised on the
material differences between the elections and the litigations, a few elements
require restatement.

          In
the 2004 election, the proponents of the citizen-initiated referendum, Proposition
2, were successful.  The voters passed
Proposition 2 which was designed to limit the city’s ability to raise increased
general revenues beyond the impact of inflation and increased population.  

          After
the election, litigation was commenced when the city made certain decisions
subsequent to the election that limited and/or negated the impact of
Proposition 2 on the city’s ability to raise general revenue.  More specifically, how the city chose to meld
the results of Proposition 1, which also passed, with the results of Proposition
2 became the focus of the challenge. 
Important in distinguishing this litigation from the prior case is the
fact that the Proposition 2 proponents in 2004 were satisfied by the outcome of
the election, but dissatisfied by how the city enabled, or failed to enable Proposition
2’s limitations on the city’s ability to increase general revenues.  See
White v. Robinson, 260 S.W.3d 463, 471 (Tex.
App.—Houston
[14th Dist.] 2008).  The complaint arose
from actions taken by the city subsequent to, and independent from, the
election itself.  

          In
November 2006, the election in question in this litigation was conducted.  The city caused certain propositions to be
placed on the ballot, Propositions G and H, which if successful, would further
marginalize Proposition 2 passed in the 2004 election independent of whatever
outcome may result from the 2004 litigation. 
The outline of Propositions G and H in the majority’s opinion indicates
that the city sought to take certain specific revenue streams outside the
potential limitations to raising general revenues caused by the adoption of
Propositions 1 and/or 2.  The proponents
of the successful Proposition 2 became the opponents of Propositions G and H,
both at the ballot box and before this Court. 
Both propositions were adopted which, in a practical manner, put into
place exclusions of certain specific revenue streams from limitations on increasing
general revenues arising from the adoption of Propositions 1 and/or 2, however
they may ultimately be harmonized.  Propositions
G and H turned the tables.  The
limitations sought in Propositions 1 and/or 2 became the targets of limitations
by Propositions G and H.  

          The
appellant herein takes a polar opposite position regarding the 2006 election
from his view of the 2004 election.  In
his first pleading, filed a few days before the 2006 election, Hotze claimed
that Proposition G was illegal and invalid for a variety of reasons as a matter
of law and sought a declaratory judgment reflecting that view.  Hotze sought no immediate relief.  In an amended pleading filed outside the
deadline for filing an election contest, Hotze seeks the same relief for
essentially the same reasons although he increases the scope of his pleading by
also complaining of Proposition H.                

          The
majority cites Blum v Lanier for the
proposition that an election contest is a special proceeding created by the
Legislature to provide a remedy for elections tainted by fraud, illegality or other
irregularity.  997 S.W.2d 259, 262–63 (Tex. 1999).  The majority goes on to state that, “[A]n
election contest includes any type of
suit in which the validity of an election or any part of the elective process is
made the subject matter of the litigation.’” (citing Rossano v. Townsend, 9 S.W.3d 357, 362 (Tex. App.—Houston [14th
Dist.] 1999, no pet.) (emphasis in majority opinion)).

          That
portion of the appellant’s amended pleading styled “Conclusion” asks for a
declaration of illegality and invalidity as a matter of law.  It states in relevant part that, “For the
reasons detailed above, Plaintiff/Contestant Bruce R. Hotze respectfully
requests that upon final hearing, this Court declare that Proposition G and
Proposition H are both illegal and invalid as a matter of
law. . . .” 

          Further,
appellant divides his amended pleadings into two sections: one attacking
Proposition G, and a second directed to the shortcomings of Proposition H.  Each of the two sections has a concluding
paragraph, numbered 11 as to Prop G and 18 as to H.  The two paragraphs read exactly the same
except as to a single letter.  

          They
read as follows:  “For all of the
foregoing reasons, Plaintiff/Contestant seeks a declaration from this Court
stating that Proposition G [G is used in paragraph 11and H in 18] is illegal
and invalid as a matter of law, and now files this election contest to
invalidate the outcome of the election on this particular Proposition.”   

          Notwithstanding
the self-labeling[1]
by appellant of his live pleading as an election contest, and his specific and
generalized prayers for a declaration of illegality and invalidity of the
propositions as a matter of law, the majority finds that a portion of the amended
pleading makes complaints outside the scope of the election contest statute and
accordingly escapes the filing deadline of the statute.  The fundamental nature of my disagreement lies
in this conclusion by the majority.  

          Nothing
in Hotze’s amended complaint alters the thrust of his suit that Propositions G
and H were illegal and invalid as a matter of law facially.  The gravamen of Hotze’s complaint is that Propositions
G and H were flawed in their inception. 
They should not have been presented to the voters in the first place for
a variety of reasons including those referenced by the majority.  Hotze’s amended pleading attacks Propositions
G and H in detail and in whole based on facts as they existed at the time of
filing.  

          No
material fact arises post election contest filing period upon which Hotze’s
claims turn.  Unlike the 2004 litigation
when the city’s post election decisions became the issue, the foundational
facts of all of Hotze’s complaints here were known prior to the election.  The purpose of the election contest statute
must be to draw as much of the uncertainty surrounding any election into itself
for resolution so far as the statute’s language may permit.  I read the majority’s opinion as limiting the
scope of the statute by applying the standing test articulated in White without consideration of when the
material facts underlying the complaints arose. 
If the complaint could have been brought within the election contest
period and the complaint is within the scope of the statute, then it must be
brought before the deadline contained in the statute.  Determining whether the small portion of
Hotze’s pleading is a process or an implementation question is only necessary
if the question presented falls outside the scope of the election contest
statute.  Finality in the election
process is to be served.                 

          The majority
correctly finds that portions of the appellant’s pleadings are in fact
allegations appropriate to be considered as an election contest and dismisses
them from further consideration.  After
finding the certain of the claims are not properly dealt with as an election
contest, the majority then conducts an examination into the standing of Hotze
to bring these claims.  Such an
examination is unnecessary if Hotze’s claims fall within the statute.

Conclusion

          Again, I would
hold that the amended pleading in this case affirmatively negates the existence
of jurisdiction by its own captioning. 
Further, and independent of how the pleading is labeled, when the substance
of the amended pleading is considered, I would find that the pleading in
question affirmatively negates the existence of jurisdiction.  The pleading alleges an election contest in
that the prayer for relief seeks a declaration that the propositions are
illegal and invalid as a matter of law.  See Blum v. Lanier, 997 S.W.2d 259, 262–63
(Tex. 1999).

          Accordingly,
I would dismiss appellant’s appeal for lack of jurisdiction and affirm the
judgment of the trial court.

 

 

                                                                   Davie L. Wilson

                                                                   Justice

 

Panel consists of Justices Alcala, Hanks, and Wilson.[2]

 

Justice Wilson, dissenting.











[1]           The caption to Hotze’s petition reads as
follows:  “Plaintiff’s/Contestant’s First
Amended Original Petition Seeking Declaratory Judgment and Asserting an
Election Contest.”





[2]               The
Honorable Davie L. Wilson, retired Justice, First Court of Appeals,
participating by assignment.